IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHIRLEY HALL : CIVIL ACTION
    v. :
HESS CORPORATION :
and HESS MART, INC. NO. 12-4533

## MEMORANDUM ORDER

THOMAS J. RUETER                                            July 29, 2013
United States Magistrate Judge

Presently before the court is defendants' motion for summary judgment (Doc. No. 21) (the "Motion"), plaintiff's response in opposition thereto (Doc. No. 23), and defendants' reply (Doc. No. 26). Oral argument was presented on July 24, 2013. For the reasons set forth below, the Motion is **DENIED**.

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material when "it might affect the outcome of the suit under the governing law," and genuine when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). To defeat summary judgment, the party opposing the motion cannot "rely merely upon bare assertions, conclusory

allegations or suspicions" to support its claim, Fireman's Ins. Co. v. DuFresne, 676 F.3d 965, 969 (3d Cir. 1982), but must go beyond the pleadings and present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). "[I]f reasonable minds can differ as to the import of the proffered evidence that speaks to an issue of material fact," summary judgment should not be granted. Burkett v. The Equitable Life Assurance Soc'y of the United States, 2001 WL 283156, at *3 (E.D. Pa. Mar. 20, 2001). In considering a motion for summary judgment, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). See also Celotex, 477 U.S. at 322 (same).

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### 1. Triviality of the Defect

Defendants assert that summary judgment should be entered in their favor "on the basis that the alleged defect which plaintiff claims caused her to trip and fall constituted a de minimis/trivial defect, which exonerates the moving defendants from liability." (Defs.' Mem. of Law at 1.) Defendants contend that because the depth of the defect upon which plaintiff tripped measures no more than one inch, it is a trivial defect and not actionable as a matter of law. Id. at 3-5. Plaintiff urges that the defect is not trivial and summary judgment is not appropriate. (Pl.'s Mem. of Law at 3-5.)

Generally, the law in Pennsylvania in this regard states as follows:

> While landowners have a duty to maintain sidewalks in a reasonably safe condition, there is no duty to protect a pedestrian from any and all accidents. See Davis v. Potter, 340 Pa. 485, 17 A.2d 338, 339 (Pa. 1941). "An elevation, depression or irregularity in a sidewalk may be so trivial that the court, as a matter of law, is bound to hold that there was no negligence in permitting it to exist." Id.

> . . . But unless a defect is obviously trivial, its gravity is an issue of fact to be determined in light of the circumstances of the particular case. See Massman v. City of Philadelphia, 430 Pa. 99, 241 A.2d 921, 923 (Pa. 1968).

Waddington v. United States, 2008 WL 2522430, at *7 (E.D. Pa. June 24, 2008) (Shapiro, J.) (citations omitted). This rule consistently has been applied in Pennsylvania to sidewalks, pavements, driveways, streets, cobblestones, walkways, curbs, etc.

In the instant case, defendants assert that because the area of the defect on which plaintiff tripped was five-eighths of an inch deep, and the depth of the defect throughout was no more than one inch deep, the defect was trivial and no actionable negligence follows. See Defs.' Mem. of Law at 3-5 (citing cases). Plaintiff counters that factors in addition to the depth of the defect should be considered in determining whether the defect is "obviously trivial." Plaintiff details that the defect is sixteen inches long, four inches wide, and one-inch deep with differences in depths throughout the defect. In addition, the defect contains debris and gravel, and is the same color as surrounding pavement making it difficult to spot. The defect is located in a portion of defendants' business location that receives heavy foot and motor vehicle traffic requiring business invitees such as plaintiff to look for oncoming motor vehicles while traversing the area. See Pl.'s Mem. of Law at 3-5. See also Defs.' Mem. of Law Exs. (photographs of defect). Plaintiff testified at her deposition that she stepped into the defect lengthwise at a low point in the defect. Then, her right foot hit an "incline" at a higher elevation within the defect causing her to fall. See Pl.'s Dep. (3/13/13) at 107-08.

Considering all of these circumstances, the court is unable to conclude that the alleged defect was so obviously trivial as to require a grant of summary judgment. The question as to whether the alleged defect was obviously trivial in the context of the conditions confronted

by plaintiff is one best left for the jury to decide.  See Lowe v. Pirozzi, 2006 WL 1147238, at *6 (E.D. Pa. Apr. 26, 2006) (Baylson, J.) (defect not "obviously trivial" where defect measured one and one-half inches in height, was located proximate to the customer walkway to the entrance of the business, and the defect appeared with seasonal regularity); Ozer v. Metromedia Restaurant Grp., 2005 WL 525400, at *7 (E.D. Pa. Mar. 7, 2005) (Pratter, J.) (triviality of ridge in parking lot asphalt, raised approximately 7/16 to 3/4 of an inch and within six inches of the sidewalk curb for jury to decide); Massman v. City of Philadelphia, 241 A.2d 921, 923 (Pa. 1968) (defect not obviously trivial where it was jagged, irregular, clearly visible upon inspection, one-half inch deep, six inches wide, twenty-eight inches long, and located on a very busy thoroughfare in Philadelphia's City Hall courtyard).

Considering all of the circumstances surrounding the defect, not merely its depth, the defect is not "obviously trivial" so that, as a matter of law, no actionable negligence can be found.  See Smith v. Penn Fruit Co., Inc., 134 F.Supp. 895, 897 (E.D. Pa. 1955) (Lord, J.) ("What constitutes a defect sufficient to render the property owner liable must be determined in light of the circumstances of the particular case, and 'except where the defect is obviously trivial, that question must be submitted to the jury.'") (quoting Breskin v. 535 Fifth Avenue, 113 A.2d 316, 318 (Pa. 1955)).  Considering all the evidence in the light most favorable to plaintiff as the non-movant, and drawing all reasonable inferences in plaintiff's favor, the court finds that defendants' Motion must be denied.

   **2.    Assumption of the Risk**

In the alternative, defendants contend that the Motion should be granted because plaintiff assumed the risk of her injuries by failing to avoid an open and obvious condition.

(Defs.' Mem. of Law at 5-6.)  Under Pennsylvania law, a possessor of land is not liable for physical harm caused to his invitees by any condition on the land that is "known" or "obvious." Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983) (citing Restatement (Second) of Torts § 343A (1965)).

> A danger is deemed to be "obvious" when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the [plaintiff], exercising normal perception, intelligence, and judgment." Restatement (Second) of Torts § 343A comment b.  For a danger to be "known," it must "not only be known to exist, but . . . also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated." Id.

Massey v. US Airways, Inc., 2011 WL 1135305, at *2 (E.D. Pa. Aug. 30, 2001) (Schiller, J.). "By voluntarily proceeding to encounter a known or obvious danger, the invitee is deemed to have agreed to accept the risk and to undertake to look out for himself." Carrender, 469 A.2d at 125 (citations omitted).  "[A]lthough 'the question of whether a danger was known or obvious is usually a question for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion.'" Kaplan v. Exxon Corp., 126 F.3d 221, 225 (3d Cir. 1997) (quoting Carrender, 469 A.2d at 124.)  See also Massey, 2011 WL 1135305, at *2 (same).

In the instant case, defendants argue that the condition in question is located in an area of the gas station that is "plainly visible to anyone who is paying attention to where they are walking." (Defs.' Mem. of Law at 5.)  Defendants note that plaintiff testified that she was not looking where she was walking when she passed the area on her way to the pay window or on the return trip to her car.  Id. at 6 (citation omitted).  Hence, defendants urge that plaintiff "assumed the risk of anything that happened to her as far as it concerned tripping and falling on something that could have easily been avoided, as trivial as it was." Id.

5

This is not a case where defendants assert that the alleged defect was "known" to plaintiff; rather they assert that plaintiff should have seen the defect and avoided it because it was so obvious. Id. However, the evidence reveals that the alleged defect is located in an area of the gas station subject to heavy foot and motor vehicle traffic. Plaintiff, when traversing the area, would need to look for oncoming motor vehicles. Additionally, the color of the defect is substantially the same as the surrounding pavement making detection difficult, especially in light of its relatively shallow depth. Reasonable minds could differ as to whether the danger was obvious. Defendants have failed to establish that plaintiff assumed the risk of her injuries by failing to avoid a known or obvious condition. Defendants' Motion must be denied on this alternative ground as well.

For all the reasons set forth above in this Memorandum, it is hereby **ORDERED** that the Motion is **DENIED**.

BY THE COURT:

 /s/ Thomas J. Rueter  
THOMAS J. RUETER  
United States Magistrate Judge